HUNTER v. HOLT et al.

(Court of Civil Appeals of Texas. San Antonio. Nov. 12, 1913.)

1. CONTINUANCE (§ 37*)—APPLICATION—SUFFICIENCY.

An application for a second continuance was properly overruled, where it showed on its face that no summons had been issued for the absent witness and failed to show what he would testify or what it was expected to prove by him, merely stating that he was present when certain events transpired.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. §§ 117–121, 127; Dec. Dig. § 37.*]

2. EVIDENCE (§ 213*)—ADMISSIONS—OFFER OF COMPROMISE.

Where letters between attorneys and a client when taken together showed merely an effort to compromise a dispute as to the attorneys' compensation by accepting less than they thereafter sued for, they were all properly excluded, as one should not have been admitted without admitting all.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 745–751, 753; Dec. Dig. § 213.*]

Appeal from Galveston County Court; George E. Mann, Judge.

Action by O. T. Holt and another against D. Hunter. Judgment for plaintiffs, and defendant appeals. Affirmed.

O. S. York, of Galveston, and Campbell, Sewall & Myer, of Houston, for appellant. Marsene Johnson, Elmo Johnson, and Roy Johnson, all of Galveston, for appellees.

FLY, C. J. O. T. Holt and L. M. Williamson, attorneys at law, sued appellant to recover $500, alleged to be the reasonable value of legal services rendered by them in representing him in condemnation suits filed against him in the city of Galveston. The cause was tried by a jury, and a verdict was returned in favor of appellees in the sum of $450.

[1] The first assignment of error assails the action of the court in refusing to grant a continuance of the cause. The application for continuance was the second one filed by appellant, and it clearly shows upon its face that no summons was ever issued for John Leach, the absent witness, and the application failed to indicate what was expected to be proved by the witness, merely stating that the witness was present when the fee was agreed upon and when Williamson told appellant that on account of the illness of Holt he had come to Galveston as Holt's agent. What the witness would testify is not disclosed. The application for continuance was properly overruled.

The evidence discloses that appellees were employed by appellant to represent him before commissioners of condemnation of his land in Galveston. Appellees lived in Houston, and went to Galveston to represent him, and performed certain services in preparing answers, appearing before the commissioners, and perfecting an appeal from the award to the county court. Appellant then refused to secure the fee of appellees, and they withdrew from the suits. The only real issue was the value of the services rendered, and that issue was submitted to the jury. The evidence sustains the verdict. There was no conflict as to the fact that some services were rendered and the jury found their value. The whole evidence showed that the attorneys were justified in abandoning the case when appellant would not secure their fee.

[2] The letters from appellees to appellant were properly excluded because the offer on their part to take $250 appeared from the letters to be an offer of compromise. One of the letters should not have been admitted without admitting all of them, and, taken together, they only evinced an effort to compromise the matter.

The fourth, fifth, sixth, seventh, tenth, eleventh, and twelfth assignments of error are not meritorious, and are overruled. The pleadings of appellees were sufficient, and the questions to the witnesses were properly allowed.

The judgment is affirmed.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes